IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JUSTIN ANTHONY SHUTES                                                              PLAINTIFF

v.                                              Civil No. 1:14-cv-01050

MIKE MCGOUGH; SHERRY RICE;
LISA WORLEY; RICHARD
MITCHAM; STEVEN FAULKNER
and BRYAN WEST                                                                    DEFENDANTS

## ORDER

This is a civil rights action filed by the Plaintiff, Justin Anthony Shutes, pursuant to 42 U.S.C. § 1983. Currently before the Court is Defendants' Motion to Dismiss (ECF No. 27) for Plaintiff's failure to comply with the Court's orders. After thorough consideration, the Court issues this Order.

## BACKGROUND

Plaintiff originally filed this case *pro se* on September 9, 2014. ECF No. 1. In his Complaint, Plaintiff claims that his constitutional rights were violated when Defendants failed to provide him with adequate medical care. ECF No. 1. On September 9, 2014, the Court granted Plaintiff's application to proceed *in forma pauperis* and advised Plaintiff to keep the Court informed of his address. ECF No. 3. Plaintiff was housed in the Union County Detention Center ("UCDC") when he filed his Complaint. On March 2, 2015, mail sent to Plaintiff at the UCDC was returned to the Court as undeliverable. The Court determined, based on its own research, that Plaintiff was incarcerated in Florida and ordered the Clerk to change Plaintiff's address accordingly. ECF No. 6. In this Order, Plaintiff was reminded by the Court of his obligation to keep the Court informed of his current address. On April 9, 2015, the Court issued an Order to Show Cause as to why Plaintiff failed to keep the Court informed of his current mailing address. ECF No. 7. On April 13, 2015, Plaintiff responded to the Order to Show Cause informing the Court of his Florida address. ECF

No. 10.  On June 16, 2015, mail sent to Plaintiff at the Florida address was returned as undeliverable.  The Court obtained a new Florida address for Plaintiff, and on July 16, 2015 ordered the Clerk to change Plaintiff's address and resend the documents.  ECF No. 19.  In this Order, Plaintiff was reminded by the Court of his obligation to keep the Court informed of his current address.  On November 19, 2015, the Court issued a second Order to Show Cause why Plaintiff had failed the keep the Court informed of his address.  ECF No. 20.  Plaintiff did not respond to the Show Cause Order.  On January 25, 2016, mail sent to Plaintiff's Florida address was returned.  ECF No. 23.  The Court obtained a new address for Plaintiff, and on January 29, 2016 ordered the Clerk to change Plaintiff's address and resend the documents.  ECF No. 24.  In the Order, Plaintiff was reminded of his obligation to keep the Court informed of his current address.  On April 13, 2016, Plaintiff notified the Court that his current address is the UCDC.  ECF No. 28.

Defendants first served discovery requests on Plaintiff on September 22, 2015 and the requests were not returned as undeliverable.  ECF No. 21.  Plaintiff did not respond to the requests.  On November 3, 2015 Defendants sent a letter asking Plaintiff to respond to the discovery requests and informing Plaintiff that, if he failed to respond, Defendants would file a motion to compel.  This request was not returned as undeliverable.  Plaintiff did not respond to the requests.  On December 1, 2015, Defendants filed a Motion to Compel.  ECF No. 21.  The Court granted Defendants' Motion to Compel on March 9, 2016 and directed Plaintiff to provide the required responses by March 25, 2016.  ECF No. 25.  The Court advised Plaintiff that failure to comply with this Order may result in the dismissal of his case.  To date, Plaintiff has not responded to the Motion to Compel nor has he provided discovery responses to Defendants.

Since January 29, 2016, the only communication the Court has received from Plaintiff was on April 13, 2016 when he notified the Court of his incarceration at the UCDC.  ECF No. 28.

## DISCUSSION

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).

Plaintiff has failed to respond to Defendants' discovery requests despite this Court's Order to do so. In total, Plaintiff has failed to comply with two of the Court's Orders (ECF No. 20 and 25). Accordingly, Plaintiff's Complaint is dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

## CONCLUSION

Because Plaintiff has failed to comply with this Court's Orders, the Court finds that Defendants' Motion to Dismiss (ECF No. 27) is **GRANTED**. Plaintiff's Complaint should be and hereby is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41 (b).

IT IS SO ORDERED this 27th day of June, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge